**Francisco PETER, Appellant,**

v.

**OGDEN GROUND SERVICES INC. f/k/a Ground Services Inc., and Ogden Consolidated Aviation Services of Houston Inc. a/k/a Ogden Ground Services Inc., Appellees.**

No. 14–94–00544–CV.

Court of Appeals of Texas, Houston (14 Dist.).

Feb. 1, 1996.

Jim Adler, Houston, J.K. Ivey, Houston, for appellant.

William J. Clay, Dallas, Joseph W. Spence, Dallas, for appellees.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Appellant, Francisco Peter (Peter), sued Appellees, Ogden Ground Services and Ogden Consolidated Aviation Services (Ogden) for injuries received in an automobile accident. Following a bench trial, the trial judge found that Ogden was negligent and awarded Peter damages for medical expenses, lost wages, and physical pain and mental anguish. In two points of error, Peter contends: (1) the trial court's failure to award damages for past and future physical impairment is against the great weight and preponderance of the evidence; and (2) the amount of damages awarded by the court for physical pain and suffering is against the great weight and preponderance of the evidence. We affirm.

Peter, an employee of an airline company, was in an automobile collision on the tarmac at Houston Intercontinental Airport. Peter was the front seat passenger in a van when a lavatory truck, owned by Ogden, struck the side of the van. After experiencing back pain for several months, Peter sought treatment from a chiropractor. He eventually received treatment from an orthopedic surgeon who diagnosed him with a herniated disc. Since the accident, Peter contends he has continued to experience back and leg pain, and that his lifestyle has been considerably restricted. Peter's physician recommended surgery, which, at the time of trial, Peter had not yet undergone.

■ In his first point of error, Peter contends the trial court's failure to award damages for past and future physical impairment was contrary to the great weight and preponderance of the evidence and was manifestly unjust. In reviewing a factual sufficiency challenge, we must consider all the evidence in the record, both supporting and contrary to the judgment. *Plas–Tex Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). After considering and weighing all the evidence, we should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). The appellate court is not a fact finder, and may not substitute its judgment for that of the trier of fact, even if a different answer could be reached on the evidence. *Sage Street Assoc. v. Northdale Construction Co.*, 889 S.W.2d 400, 401 (Tex.App.—Houston [14th Dist.] 1994, writ filed). The trial judge, as the trier of fact in a bench trial, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. He may draw reasonable inferences from the

evidence, and his findings may not be disregarded if the record contains some evidence of probative value from which those inferences may be drawn. *Sanus/New York v. Dube–Seybold–Sutherland*, 837 S.W.2d 191, 199 (Tex.App.—Houston [1st Dist.] 1992, no writ). Moreover, in a factual sufficiency challenge, the amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment. *Robinson v. Minick*, 755 S.W.2d 890, 894 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■ In the present case, the trial judge did not award any damages for past and future physical impairment. To receive damages for physical impairment, the injured party must prove that the effect of his physical impairment extends beyond any impediment to his earning capacity and beyond any pain and suffering to the extent that it produces a separate and distinct loss that is substantial and for which he should be compensated. *Tri–State Motor Transit Co. v. Nicar*, 765 S.W.2d 486, 493 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Allen v. Whisenhunt*, 603 S.W.2d 242, 244 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ dism'd).

■ Peter relies extensively on *Robinson v. Minick* in which the court of appeals reversed a jury verdict awarding nothing to the appellant for physical impairment. *Robinson*, 755 S.W.2d 890. However, the court reversed only on the issue of *past* physical impairment, upholding the judgment granting nothing for *future* physical impairment. The court refused to disturb the jury finding for future physical impairment, despite physician testimony that the appellant had permanent nerve damage and would probably continue to have chronic headaches. *Id.* at 892. The court awarded damages for past physical impairment because of undisputed *objective* testimony. In *Robinson*, the appellant's physician testified that the appellant suffered skull and facial fractures severe enough to cause spinal fluid to drip from his nose. *Id.* The court, however, noted that "intermediate appellate courts have shown extreme caution in reviewing claims for physical impairment because of a justified concern to prevent a double recovery." *Id.* at 893.

■ Most of Peter's testimony on physical impairment, however, was his own subjective description of his limitations and suffering. Peter testified that because of the pain, he no longer was able to enjoy many of the activities he engaged in prior to the accident, including traveling and athletics. If the plaintiff's complaints are subjective in nature and incapable of direct proof, the trier of fact may award zero damages. *Srite v. Owens–Illinois Inc.*, 870 S.W.2d 556, 559 (Tex. App.—Houston [1st Dist.] 1993), *reversed on other grounds*, 897 S.W.2d 765 (Tex.1995).

According to Peter's physician, his only limitations since the accident were to avoid heavy lifting and repetitive bending and stooping. His prognosis, should he undergo the recommended surgery, was described as "very good." Peter failed to present any evidence that, following surgery, he would be impaired from engaging in the activities that he now contends are too difficult for him. The trial court judge included the cost of this surgery in the damages awarded Peter for future medical expenses. Further, the damages awarded for pain and suffering included both past and future pain and suffering. Although Peter had not yet had the surgery, his treating physician testified that with surgery, the only limitations on Peter would be to avoid lifting heavy weights (over forty-five pounds), and to avoid repetitive bending and stooping. Further, Peter has been able to work, performing all of his duties since the accident. This objective testimony does not show by the great weight and preponderance of the evidence that Peter's injuries produced an impairment separate and distinct from his pain and suffering or lost wages. Peter's wife also testified, reiterating much of what Peter had told the court. However, a trier of fact is the sole judge of witnesses and the weight to be accorded their testimony. *Gray v. Floyd*, 783 S.W.2d 214, 216 (Tex.App.—Houston [1st Dist.] 1990, no writ). The trial judge, acting as the trier of fact, was apparently unpersuaded by either Peter or his wife on the issue of physical impairment. We overrule Peter's first point of error.

In his second point of error, Peter contends the $1000 the trial court awarded for past and future physical pain and mental anguish was against the great weight and preponderance of the evidence and was manifestly unjust. The appropriate amount of recovery for pain and mental anguish should be left largely to the discretion of the trier of fact. *Baylor Medical Plaza v. Kidd,* 834 S.W.2d 69, 78 (Tex.App.—Texarkana 1992, writ denied); *Marshall v. Superior Heat Treating Co.,* 826 S.W.2d 197, 200 (Tex. App.—Fort Worth 1992, no writ).

According to one of the doctors who treated Peter, his pain was not to a degree where pain killers became necessary. Instead, he prescribed Peter anti-inflammatory medication. Peter's doctor also documented that Peter "experienced intermittent pain which was usually mild." Further, Peter waited three and one-half months before seeking treatment for his injuries. Even after receiving treatment he missed appointments and did not follow through with all of the prescribed treatments designed to alleviate his pain. Thus, sufficient evidence supports the award for physical pain and mental anguish. Peter's second point of error is overruled.

The judgment of the trial court is affirmed.