Norma **RIVAS**, Appellant,

v.

Rosita Lebron **GARIBAY**, Individually and As Next Friend of Rosandra and Jennifer Lebron, Minor Children, Appellee.

No. 04–97–00295–CV.

Court of Appeals of Texas, San Antonio.

Feb. 27, 1998.

Rehearing Overruled April 3, 1998.

**94**

Larry J. Goldman, Douglas E. Pennebaker, Davis, Adami & Cedillo, Inc., San Antonio, Sharon E. Callaway, Crofts, Callaway & Jefferson, P.C., San Antonio, for Appellant.

Gary M. Poenisch, San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

HARDBERGER, Chief Justice.

Appellant, Norma Rivas ("Rivas"), appeals a judgment rendered in favor of appellee, Rosita Lebron Garibay, Individually and as Next Friend of Rosandra and Jennifer Lebron, Minor Children ("Garibay"), following a jury trial. In seven points of error, Rivas contends the trial court erred: (1) in overruling her objections to jury question nos. 3, 4, and 5, because the reasonableness and necessity of the medical expenses were factually at issue and should have been submitted to the jury for consideration; (2) in submitting

"mental anguish," "physical impairment," and "loss of earning capacity" as elements of damages because there was no evidence of such damages; (3) in denying Rivas's motion for new trial, or alternatively her motion for remittitur, because the evidence was factually insufficient to support the jury's damage awards; and (4) in excluding Garibay's income tax returns. We sustain appellant's first point of error, reverse the judgment of the trial court, and remand the cause to the trial court for a new trial.

## FACTUAL HISTORY

Garibay sued Rivas for injuries sustained by Garibay and her two minor daughters as a result of an automobile accident that occurred on June 8, 1994. Rivas does not challenge the jury's liability finding on appeal.

No injuries were reported by Garibay or her minor daughters at the time of the accident. In addition, no injuries resulting from the automobile accident were reported when the children were examined by their pediatrician a week later for other illnesses on June 14, 1994.

On June 24, 1994, Garibay and her daughters were examined by Lynne Zimmerman, a chiropractor, who began a course of treatment for each extending over a period of two months. The visit followed Garibay's receipt of a letter from Zimmerman regarding the potential for soft tissue injuries resulting from minor car accidents. Garibay and her husband testified at trial that both Garibay and her daughters began experiencing strong pain sometime after the accident. At trial, Zimmerman relayed her diagnosis for each patient, the services she performed, and the cost of those services.

The case was submitted to a jury, who found that Rivas's negligence proximately caused injury to Garibay and her daughters and awarded the following damages: (1) $13,479 for Garibay's injuries; (2) $14,930 for Rosandra Lebron's injuries; and (3) $14,390 for Jennifer Lebron's damages. The trial court rendered judgment on the jury's verdict.

## CHARGE ERROR

In her first point of error, Rivas contends that the trial court erred in overruling her objections to jury questions 3, 4, and 5. The questions submitted by the court included a "medical care" element of damages, and Rivas argued that the words "reasonable expenses of necessary medical care" should be substituted. Rivas preserved this error for appeal by making a proper objection during the charge conference. *See* TEX.R. CIV. P. 278. Garibay responds that the jury questions were proper broad form submissions and that Rivas did not present any evidence raising a fact issue as to reasonableness of the medical expenses or the necessity of the medical care.

Jury charge error is reviewed under an abuse of discretion standard. *Texas Dept. of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. . . ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992); *see also H.E. Butt Grocery Co. v. Bilotto*, 928 S.W.2d 197, 199 (Tex. App.—San Antonio 1996, writ granted). If we find error in the charge, we must determine whether the error is harmful by reviewing the pleadings, the evidence, and the charge in its entirety. *Island Recreational Development Corp. v. Republic of Texas Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986). "Alleged error will be deemed reversible only if, when viewed in the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment." *Id.*

A trial court is required to submit jury questions in the form provided by rule 277 of the Texas Rules of Civil Procedure which are raised by the written pleadings and the evidence. TEX.R. CIV. P. 278; *see also Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 718 (Tex.1995). The plaintiff has the burden to offer specific evidence of the reasonableness and necessity of medical expenses, in addition to proof of the actual amount expended. *Monsanto Co. v. Johnson*, 675 S.W.2d 305, 312 (Tex.App.—Houston [1st Dist.] 1984), *writ ref'd n.r.e.*, 696 S.W.2d

558 (Tex.1985). A claim for past medical expenses must be supported by evidence that such expenses were reasonably necessary for the plaintiff to incur as a result of her injuries. *Carr v. Galvan*, 650 S.W.2d 864, 868 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). Proof of amounts charged or paid is not proof of reasonableness. *Monsanto Co. v. Johnson*, 675 S.W.2d at 312. In addition, evidence that medical expenses are reasonable and customary is no evidence concerning the 'reasonable necessity' of those medical expenses and will not alone support an award. *Carr v. Galvan*, 650 S.W.2d at 868.

■ Although expert testimony on damages may guide the jury, a jury is not bound by such testimony. *Barrajas v. VIA Metropolitan Transit Authority*, 945 S.W.2d 207, 209 (Tex.App.—San Antonio 1997, no writ); *Johnson v. King*, 821 S.W.2d 425, 428 (Tex. App.—Fort Worth 1991, writ denied). A jury may disbelieve any witness, including a physician, even though that witness's testimony is not contradicted. *Barrajas*, 945 S.W.2d at 209; *Peterson v. Reyna*, 908 S.W.2d 472, 479 (Tex.App.—San Antonio 1995)(Hardberger, J., concurring), *writ granted as to costs and denied as to merits*, 920 S.W.2d 288 (Tex.1996).

Texas Pattern Jury Charge 7.02 contains the recommended basic question to be submitted to a jury regarding personal injury damages. 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 7.02 (1994). One of the comments to PJC 7.02 provides in pertinent part:

**Reasonable expenses and necessary medical care.** If there is a question whether medical expenses are reasonable or medical care is necessary, the words *reasonable expenses of necessary medical care* should be substituted for *medical care* in element *e.*

1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 7.02 comment (1994). This comment directly follows from the plaintiff's burden of proving the reasonableness and necessity of the medical care and from the requirement that the trial court submit questions that are raised by the evidence.

■ In this case, Rivas challenged the reasonableness and necessity of the medical care through her attorney's cross-examination of Garibay and Zimmerman. Rivas revealed that no complaint regarding the injuries was made to the investigating officer at the scene of the accident. In addition, the children were seen by their pediatrician during the week following the accident without complaining of headaches or backaches and without requesting medical attention for any injuries allegedly resulting from the accident. Rather, medical attention for those alleged injuries was sought only after Garibay received Zimmerman's solicitation and only from Zimmerman, who could not prescribe medication. Zimmerman admitted that she had a financial incentive in testifying on behalf of Garibay because a recovery by Garibay would ensure payment of her medical bills. While this evidence ultimately may not be sufficient to prove that the medical care was unnecessary or that the fees were unreasonable, it is some evidence that raises a fact question. Therefore, the trial court erred in refusing to submit the reasonableness and necessity issues to the jury.

■ Having determined that the trial court erred in failing to submit the question in a form that reflected the plaintiff's burden and the issue raised with respect to that burden, we must review the pleadings, the evidence, and the charge in its entirety and decide whether the error, viewed in the totality of the circumstances, amounted to such a denial of Rivas's rights "as was reasonably calculated and probably did cause the rendition of an improper judgment." *Island Recreational Development Corp. v. Republic of Texas Sav. Ass'n*, 710 S.W.2d at 555. Without the specific language directing the jury's attention to the issue that had been raised, the jury may have just considered that medical treatment was sought and expenses were incurred, without considering the necessity of those services and the reasonableness of the expenses. This is particularly true in light of the closing argument presented by Garibay's counsel.

■ Garibay's counsel argued to the jury that the jury charge asked what Garibay and her daughters should be compensated for the

medical bills, and that the jury knew what the medical bills were because Zimmerman testified to what they were. Garibay's counsel urged the jury to limit themselves to what the jury charge said, not to "Mr. Goldman's bizarre argument" that the plaintiffs should not be compensated because Zimmerman sent a letter. The absence of the language qualifying medical care in the charge prevented Rivas's counsel from countering that the jury could only award damages for reasonable expenses and necessary medical care because the jury was instructed that they were required to follow the jury charge and deliberate upon their answers to the questions that were asked. Therefore, in view of the closing argument by Garibay's counsel and the instructions requiring the jury to follow the jury charge and the questions asked, we hold that the failure to include the qualifying language in the charge resulted in harm to Rivas.[1]

### CONCLUSION

We sustain Rivas's first point of error.[2] The judgment of the trial court is reversed, and the cause is remanded to the trial court for a new trial.

1. The jury's verdict contains handwritten notations indicating that the total damages awarded for each of the claimants consisted of the amount of their medical expenses plus the following amounts for physical pain and mental anguish: (1) Garibay—$7,500; (2) Rosandra—$10,000; and (3) Jennifer—$10,000. From these notations, the appellees might be tempted to argue that we could affirm the judgment as to the damages awarded for physical pain and mental anguish. However, the Texas Supreme Court has expressly held that marginal notes cannot be considered as part of the jury's verdict. *Thomas v. Oldham,* 895 S.W.2d 352, 359–60 (Tex.1995).

The Court reasons that such notations merely reflect the jury's mental process in arriving at their verdict which is irrelevant. *Id.* If the jury had been asked to assess specific amounts as to each element of damages in the jury charge, the result would be different. Since the jury only reached a verdict as to a total damage amount, however, we must follow *Thomas* and ignore the marginal notations. *See id.*

2. We do not reach Rivas's other points because they are not necessary to the rendition of our judgment.