Affirmed and Memorandum Opinion filed January 6, 2005









Affirmed and Memorandum Opinion filed January 6, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01307-CV

____________

 

CAROLYN CRNIC and
GUY CRNIC,
Appellants

 

V.

 

VISION METALS, INC
and DERRELL WADE LANGLEY, Appellees

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 01-CV-119163

 



 

M E M O R A N D U M   O P I N I O N

Appellants, Carolyn and Guy Crnic, appeal
from a take-nothing judgment entered in favor of appellees.  They argue in two points of error: (1) the
evidence was factually insufficient to support the jury=s verdict; and (2)
the trial court erred in permitting incurable jury arguments.








On the evening of March 29, 2001, Carolyn
Crnic=s Mazda Miata was
hit from behind by an eighteen-wheeler driven by Darrell Wade Langley and owned
by Vision Metals, Inc. and VMT Vanguard Companies, Inc.  Mrs. Crnic sued Mr. Langley, Vision Metals,
and VMT[1]
for economic and non-economic damages arising from personal injuries sustained
during the accident.  Her husband, Guy
Crnic, joined the suit seeking damages for loss of consortium and loss of
household services.  After a trial on the
merits, the jury determined that both Mrs. Crnic and Langley were negligent in
causing the accident.  However, the jury
apportioned 90% of the responsibility to Mrs. Crnic and only 10% to
Langley.  Accordingly, the court entered
a take-nothing judgment in favor of Langley and Vision Metals.  We affirm.

Sufficiency of the Evidence

In their first point of error, the Crnics
argue the evidence does not support the jury=s finding on
responsibility.  Specifically, they contend that Mrs. Crnic was the more
credible witness and that her story more accurately depicts the facts giving
rise to the collision.  They also claim
that her testimony is consistent with testimony from Officer Johnson, the
Houston police officer dispatched to the scene of the accident.  Furthermore, they argue that Johnson=s testimony indicates Langley was the
person primarily at fault for the collision and point out that Langley was the
only person to receive a traffic citation from the incident.  As such, they claim the jury=s finding that Mrs. Crnic was 90%
responsible is against the great weight and preponderance of the evidence.








In reviewing a challenge that the jury=s finding is against the great weight
and preponderance of the evidence, we must examine the entire record to
determine if there is some evidence to support the finding.  See Maritime Overseas Corp. v. Ellis,
971 S.W.2d 402, 406B07 (Tex. 1998); Oadra v. Stegall, 871 S.W.2d 882, 892
(Tex. App.CHouston [14th Dist.] 1994, no
writ).  Only if the finding is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
manifestly unjust must we set aside the verdict.  See Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986);  Knox v. Taylor, 992
S.W.2d 40, 50 (Tex. App.CHouston [14th Dist.] 1999, no pet.); Peter v. Ogden Ground
Servs., Inc., 915 S.W.2d 648, 649 (Tex. App.CHouston [14th Dist.] 1996, no
writ).  Moreover, the appellate court is
not the fact finder, and therefore, it may not substitute its own judgment for
that of the trier of fact even if a different answer could be reached on the evidence.  See Maritime Overseas Corp., 971
S.W.2d at 407; Knox, 992 S.W.2d at 50; Peter, 915 S.W.2d at 649.

We first note that the Crnics= reliance on the fact that Langley
received a traffic citation is misplaced. 
As Officer Johnson testified, it is Houston Police Department policy to
cite anyone who rear-ends another vehicle.[2]  More importantly, citations are given for
possible violations of penal ordinances or statutes and not for the purpose of
establishing fault in civil litigation.  Isaacs v. Plains Transp. Co., 367 S.W.2d
152, 153 (Tex. 1963).  Determination of
who acted negligently in a civil dispute is a question to be determined by the
jury, not law enforcement.  Younger
Bros., Inc. v. Myers, 324 S.W.2d 546, 549 (Tex. 1959); see also Smith v.
Cent. Freight Lines, Inc., 774 S.W.2d 411, 412 (Tex. App.CHouston [14th Dist.] 1989, writ
denied) (explaining that whether a plaintiff succeeds in proving negligence and
proximate cause by a preponderance of the evidence is within the jury=s province to determine).

Turning to a review of the record, we note that almost all of
the evidence before the jury was conflicting. 
Mrs. Crnic presented one version of the facts surrounding the accident,
claiming that it occurred at around 6:30 p.m. in light traffic conditions.[3]  She testified at trial that she merged into
the lane in which Langley=s eighteen-wheeler was located only after making sure
it was safe to do so.  She also
claimed that the vehicles were traveling at a speed of approximately thirty to
forty (30B40) miles per hour and that Langley
approached her Miata several times in an effort to scare her out of his
lane.  Only after refusing to move from
his lane, she explains, did he drive his truck into the back of her car,
allegedly in a fit of Aroad rage.@








Langley presented an entirely different version of what
occurred.  He testified that, contrary to
Mrs. Crnic=s contention, the accident took place
at around 6:15 p.m. in very heavy traffic. 
In fact, he maintained that the traffic was stop-and-go, bumper-to-bumper
traffic and that the vehicles were traveling less than ten (10) miles per hour
when the collision occurred. 
Furthermore, he explained that he was attempting to maintain a safe
distance from the car in front of him when Mrs. Crnic quickly entered the freeway
and veered into his lane.  He argued that
she Acut him off@ so he was unable to come to a
complete stop without striking her vehicle from behind.  Further contradicting Mrs. Crnic=s testimony regarding the speeds at
which the vehicles were traveling, damage estimates on Mrs. Crnic=s Miata indicated the impact occurred
at only five or six miles per hour.  This
is consistent with Langley=s recitation of the facts. 

Johnson, the officer assigned to the scene, testified that he
believed the accident occurred at 6:15 p.m. during what he said is typically
bumper-to-bumper traffic.  This testimony
matched what he wrote in his accident report while at the scene.  On cross-examination, Johnson agreed that
Mrs. Crnic could have pulled out in front of Langley=s eighteen-wheeler suddenly, and
explained if that is what occurred, it would have caused an accident.  Johnson further explained that, despite often
hearing complaints of Aroad rage@ while investigating accidents, Mrs. Crnic made no complaint
at the time of the accident that Langley engaged in aggressive or hostile
driving behavior.

As the trier of fact, the jury is the sole judge of the
credibility of the witnesses and the weight to be given to their testimony.  See Times Herald Printing Co. v. A.H.
Belo Corp., 820 S.W.2d 206, 213 (Tex. App.CHouston [14th Dist.] 1991, no writ).  When testimony is conflicting, the jury is
entitled to believe all, or part, or none of it from any witness.  See State Indus., Inc. v. Corbitt, 925
S.W.2d 304, 310 (Tex. App.CHouston [1st Dist.] 1996, no writ).  Therefore, in reviewing the sufficiency of
the evidence, appellate courts must accept the jury=s resolution of any conflicts or
inconsistencies in the evidence.  See
Pool v. Ford Motor Co., 715 S.W.2d 629, 632 (Tex. 1986).








Because the testimony in this case was wholly diametric, the
jury was entitled to believe any witness and resolve any inconsistencies in the
evidence in favor of either party.  See
State Indus., Inc., 925 S.W.2d at 310. 
The jury resolved these inconsistencies against Mrs. Crnic and found
that she was primarily responsible for the accident.  Absent overwhelming evidence to the contrary,
we should not overturn the jury=s finding.  See Pool,
715 S.W.2d at 632; see also Maritime Overseas Corp., 971 S.W.2d at 407; Knox,
992 S.W.2d at 50; Peter, 915 S.W.2d at 649; Times Herald Printing Co.,
820 S.W.2d at 213.  Based on our
own review of the record, nothing indicates the jury=s finding was so against the great
weight and preponderance of the evidence as to be clearly wrong or unjust.  We overrule the Crnics= first point of error.

Jury Arguments

In their second point of error, the Crnics
contend the trial court erred in permitting incurable jury arguments.  To support their contention, the Crnics cite
numerous statements made by the attorneys for both Langley and Vision Metals
during voir dire and closing arguments.








There are two types of improper jury
arguments: Acurable@ and Aincurable.@ Otis Elevator
Co. v. Wood, 436 S.W.2d 324, 333 (Tex. 1968).  To preserve error on curable jury arguments,
a party must object and request an instruction to disregard the argument.  Id.; Gannett Outdoor Co. of Tex. v.
Kubeczka, 710 S.W.2d 79, 86 (Tex. App.CHouston [14th
Dist.] 1986, no writ).  On the other
hand, incurable jury arguments do not require an objection because they are Aso inflammatory
that their harmful nature cannot be cured by an instruction to disregard.@  Schindler Elevator Corp. v. Anderson,
78 S.W.3d 392, 405 (Tex. App.CHouston [14th
Dist.] 2002, pet. dism=d by agr.) (citing Melendez v. Exxon
Corp, 998 S.W.2d 266 (Tex. App.CHouston [14th
Dist.] 1999, no pet.)); see also Otis Elevator Co., 436 S.W.2d at 333; Gannett
Outdoor Co. of Tex., 710 S.W.2d at 86. 
Instead, to preserve any complaint regarding incurable jury arguments, a
party is required to present the complaint in a motion for new trial.  Tex.
R. Civ. P. 324(b)(5) (explaining that a motion for new trial is a
prerequisite to complain on appeal of incurable jury argument not otherwise
ruled on by the trial court); Austin v. Shampine, 948 S.W.2d 900, 906
(Tex. App.CTexarkana 1997, writ dism=d by agr.); Leonard
& Harral Packing Co. v. Ward, 883 S.W.2d 337, 347 (Tex. App.CWaco 1994), rev=d on other grounds, 937 S.W.2d 425
(Tex. 1996).  Therefore, to complain on
appeal of incurable jury arguments, a party must show both that the arguments
were incurable and that the party preserved the complaint by presenting it in a
motion for new trial.

Here,
the Crnics failed to object to the jury arguments at trial.  Therefore, they are forced to argue on appeal
that the jury arguments were incurable.  See
Otis Elevator Co., 436 S.W.2d at 333; Gannett Outdoor Co. of Tex.,
710 S.W.2d at 86.  However, they neither
presented their complaints in a motion for new trial nor otherwise requested
the court to rule on the propriety of the arguments.[4]  As such, they preserved nothing for our
review with respect to these arguments.[5]  See
Tex. R. Civ. P. 324(b)(5); Austin, 948 S.W.2d at 906; Leonard
& Harral Packing Co., 883 S.W.2d at 347.  Accordingly, we overrule the Crnics= second point of
error.

The judgment of
the trial court is affirmed.

 

 

/s/      J. Harvey Hudson

Justice

 

Judgment
rendered and Memorandum Opinion filed January 6, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.











[1]  The trial
court entered a directed verdict for Vision Metals on all claims, effectively
removing it as a party to the lawsuit. 
Therefore, Langley and Vision Metals are the only appellees before this
court.





[2]  However, the
occurrence of a rear-end collision is not itself evidence of negligence.  See Till v. Thomas, 10 S.W.3d 730, 733
(Tex. App.CHouston [1st Dist.] 1999, no pet.).





[3]  At trial, Mrs.
Crnic maintained that the accident occurred at approximately 6:30 p.m.  However, she previously had stated in answers
to deposition questions that the accident happened at 6:15 p.m.  On cross-examination, she admitted that she
was altering her sworn testimony as to the alleged time of the incident.





[4]  While the Crnics filed a motion for
new trial on sufficiency-of-the-evidence grounds, the motion failed to address
any complaint regarding the jury arguments. 
In fact, this appeal is the first time the Crnics have made any
complaint regarding the jury argument made by Langley and Vision Metals.





[5]  This is consistent with the
rationale for Rule 324 as well.  APresumably, the reason for this
rule is to give the trial judge an opportunity to reflect calmly, at the post‑judgment
stage, on whether alleged incurable argument (a) really was incurable and (b)
constituted harm to the extent that a new trial would be required.@ 
Tex. Employers= Ins. Ass=n v. Guerrero, 800 S.W.2d 859, 871 (Tex. App.CSan Antonio, 1990) (Biery, J.,
dissenting).  Because the Crnics failed
to provide this opportunity for post-judgment reflection, they cannot complain for the first time on appeal that the arguments were
improper.