Affirmed and Memorandum Opinion filed November 3, 2005









Affirmed and Memorandum Opinion filed
November 3, 2005.



 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00466-CV

____________

 

EARLE L. WINGO,
III,
Appellant

 

V.

 

KENNETH DELL
TAYLOR,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 02-26575

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

M E M O R A N D U M   O P I N I O N

Appellant, Earle L. Wingo, III, appeals
from a judgment awarding him $2,500 in damages for injuries he sustained when
appellee, Kenneth Dell Taylor, assaulted him. 
Wingo, in his sole point of error, raises a factual sufficiency
challenge to the amount awarded by the court, claiming that he should have been
awarded more.  We affirm.












Factual and Procedural Background

This case arose from an assault that
occurred on March 28, 2002 at a restaurant. 
The parties were previously acquainted as neighbors.  The evidence showed that Wingo had had an affair
with Taylor=s wife, which had ended several months
before the assault.  Coincidentally, both
parties arrived at the restaurant within a short time of each other.  Wingo, who was drinking, arrived first.  Both parties Alip synched@ profanities at one
another, and the encounter soon escalated into a verbal argument and Wingo=s invitation to
Atake it outside.@ 
Although the parties= accounts vary, it
appears that Taylor led the way toward the restaurant exit with Wingo
following, then Taylor turned and struck Wingo in the face with his fist.  Wingo fell to the ground, unconscious, while
Taylor struck him at least two more times, causing significant injuries to
Wingo=s jaw, nose, and
eyes.

At the bench trial, the two parties were
the sole witnesses.  According to Wingo,
the assault required an eight-hour surgery to rebuild his jaw and nose,
thirty-five staples and numerous stitches to his face, a trachea implant to
help him breathe, two and a half weeks= hospitalization,
and three months= bed rest. 
He testified that his injuries caused significant pain and suffering
from which he still suffers.  Wingo
further testified that his injuries forced him to quit his job as a
construction manager because he is Anot as smart as [he] used to be,@ that he has
suffered lost earnings, that he has trouble sleeping, and that he expects to
have further corrective surgery on his jaw and one of his eyes.  Wingo offered fifty photographs as evidence
of the extent of his injuries.[1]  












Taylor admits assaulting Wingo but
essentially claims that it was self defense because he had heard that Wingo
sometimes carried a weapon.  Taylor
further testified that Wingo spent only eleven days in the hospital and that Taylor
personally observed him moving his vehicle during the period in which Wingo
claims he was confined to his bed.

At the close of the evidence, the trial
judge ruled for Wingo in the amount of $2,500, stating as follows:





It=s very clear that nobody has
completely clean hands on this deal.  And
I know what it means when somebody gets asked
to go outside.  And if I was asked to go outside, I would
know what I was heading for.  It does
sound like to me . . . that Mr. Taylor started it, once everybody got outside,
and then hit [Wingo] at least a couple more times.  Once, he hit [Wingo] in self-defense.

I didn=t hear any . . . [evidence of] how
much the medical bills were, or anything like that.  And in light of the previous relationship
between these two men, my judgment is for the plaintiff in the amount of
$2,500.





 

Wingo appeals the
judgment, asserting that the trial court=s damage award was
inadequate, and he asks this court to reverse and remand for a new trial.

Analysis












In his sole issue
presented for review, Wingo argues that the trial court=s damage award was
Amanifestly inadequate.@ 
Given Wingo=s language, this appeal challenges the
factual sufficiency of the evidence.  See,
e.g., Cullins v. Foster, 171 S.W.3d 521, 539 (Tex. App.CHouston
[14th Dist.] July 28, 2005, pet. filed) (describing Amanifestly unjust@ and Aagainst the
great weight and preponderance of the evidence@ as language
relevant to a factual sufficiency review). 
In reviewing the factual sufficiency of the evidence, we examine the
entire record, considering both the evidence in favor of, and against, the
challenged findings.  Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986).  After
weighing all the evidence, we set aside a fact finding only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  See Pool v. Ford Motor Co.,
715 S.W.2d 629, 635 (Tex. 1986).  As the
reviewing court, we do not substitute our judgment for that of the trial court
merely because we might have reached a different conclusion.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 407 (Tex. 1986).  

The trier of fact
has discretion to award damages within the range of evidence presented at
trial, even if the reasoning by which a particular figure was reached is
unclear.  Knox v. Taylor, 992
S.W.2d 40, 62 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  Further, when testimony is limited to a complainant=s subjective
description of his limitations and suffering and is not subject to direct
proof, the trier of fact may award zero damages.  See Peter v. Ogden Ground Servs. Inc.,
915 S.W.2d 648, 650 (Tex. App.CHouston [14th Dist.] 1996, no writ).  In his brief, Wingo does not specify whether
he contends that the trial court should have awarded more economic, or more
non-economic, damages.  In the interest
of justice, we consider both.












In this case,
possible economic damages include medical expenses and loss of earnings.  A party seeking an award for medical expenses
must present specific evidence of their reasonableness and necessity, in
addition to proof of the actual amount expended.  Rivas v. Garibay, 974 S.W.2d 93, 95
(Tex. App.CSan Antonio 1998, pet. denied). 
Moreover, any claim for future medical expenses must be supported by
proof of their reasonableness.  See
Chapin v. Hunt, 521 S.W.2d 123, 126 (Tex. App.CBeaumont 1975, writ dism=d).  At trial, Wingo offered photographic evidence
of his injuries and testified about the surgery and hospitalization he
underwent after the assault.  He also
testified that A[t]hey are still looking at this eye here to maybe operate on
it again.@ 
However, he offered no evidence of the amount expended through either
expert or his own testimony, nor did he address the cost or reasonableness of
future corrective surgery.  Regarding
loss of earnings, recovery is based on the difference between the income earned
before and after the injury.  See
Glasscock v. Armstrong Cork Co., 946 F.2d 1085, 1091 (5th Cir. 1991).  Though Wingo testified that he has suffered a
loss of earnings, that he can no longer handle large construction projects, and
that he had to change jobs because of his injuries, he offered no evidence of
the amount of income he earned either before or after the assault.  Thus, Wingo presented no evidence to support
an award for economic damages based on medical expenses or loss of
earnings.  

Generally,
non-economic damages such as pain and suffering are left largely to the
discretion of the trier of fact.  Peter,
915 S.W.2d at 651.  As previously noted,
when damages are presented solely through subjective testimony, it is within
the fact finder=s discretion to award zero damages.  Id. at 650.  At trial, Wingo testified about the pain he
endured and that he still suffers considerable discomfort.  The trial court=s award of $2,500
demonstrates that the trial court agreed that some damages were warranted.  However, the court also considered the
credibility of the parties and determined that Wingo was not an innocent
victim.  It is well within the trial
court=s discretion to
consider such circumstances when awarding damages.

The evidence is
factually sufficient to support the trial court=s damage award. We
overrule Wingo=s sole issue and affirm the trial court=s judgment.

 

 

 

 

/s/      Margaret
Garner Mirabal

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed November 3, 2005.

Panel consists of
Chief Justice Hedges, Justice Anderson, and Senior Justice Mirabal.* 

 

 

*  Senior Justice Margaret Garner Mirabal
sitting by assignment













[1]           Wingo=s fifty photographs, which were
kept in the reporter=s record, were subsequently lost as
this case was pending appeal.  Pursuant
to Tex. R. App. P. 34.6(f)(4),
this court abated the appeal and ordered the trial court to conduct a hearing
to determine whether the lost exhibits could be replaced.  At the hearing, the parties agreed upon
thirty-seven photographs as accurate duplicates of the originals, which Wingo
attached to the record that is now before this court.