Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



**MEMORANDUM OPINION**

No. 04-10-00323-CV

Jorge **ARIZOLA**,
Appellant

v.

Valerie **RUBIO**,
Appellee

From the County Court at Law No 3, Bexar County, Texas
Trial Court No. 330,712
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice

Delivered and Filed:  November 10, 2010

AFFIRMED

Appellant, Jorge Arizola, sued appellee, Valerie Rubio, following an automobile accident.  The trial court granted appellant's motion for directed verdict on liability, and the jury awarded appellant zero damages.  On appeal, appellant complains the evidence is factually insufficient to support the zero damages award.  We affirm.

## BACKGROUND

On December 20, 2005, appellant was driving his vehicle in San Antonio while his son rode in the back seat. Appellant had come to a complete stop at an intersection when appellee's vehicle struck him from behind, causing appellant's vehicle to collide with the vehicle stopped in front of him. Appellant sued appellee for personal injury damages, and the trial judge granted appellant's motion for directed verdict on liability. The case was then submitted to the jury on damages only, and the jury awarded appellant zero dollars for past medical expenses, past and future physical pain and mental anguish, past and future physical impairment, and past loss of earning capacity. The trial court denied appellant's motion for new trial. On appeal, appellant argues the jury's zero damages award is against the great weight and preponderance of the evidence.

## STANDARD OF REVIEW

In reviewing a factual sufficiency challenge to a zero damages award, we consider and weigh all of the evidence in support of and contrary to the award, and we will set aside the award only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

In setting the amount of damages, the jury has great discretion. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). The jury must judge the credibility of the witnesses, assign the weight to be given to witness testimony, and resolve any conflicts or inconsistencies in the evidence. *Barrajas v. VIA Metro. Transit Auth.*, 945 S.W.2d 207, 209 (Tex. App.—San Antonio 1997, no writ). When confronted with conflicting evidence, the jury may believe one witness and disbelieve another. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 774–75 (Tex. 2003); *McGalliard*, 722 S.W.2d at 697. The jury is not bound by expert testimony on the

amount of damages, and it may disregard physician testimony on both the necessity of treatment and the causal relationship between the accident and the plaintiff's injuries, even if that testimony is not contradicted. *McGalliard*, 722 S.W.2d at 697; *Ponce v. Sandoval*, 68 S.W.3d 799, 806 (Tex. App.—Amarillo 2001, no pet.); *Barrajas*, 945 S.W.2d at 209.

## MEDICAL EXPENSES

The plaintiff has the burden of offering specific evidence of the reasonableness and necessity of medical expenses, as well as proof of the actual amount expended. *Rivas v. Garibay*, 974 S.W.2d 93, 95 (Tex. App.—San Antonio 1998, pet. denied). Proof of the amount expended is not proof of reasonableness. *Id.* at 96. Doctors' affidavits are merely "sufficient to support a finding of fact," but they do not require a finding that the amount of damages shown is reasonable and necessary or that the damages were caused by the defendant's negligence. TEX. CIV. PRAC. & REM. CODE ANN. 18.001(b) (West 2008); *Sloan v. Molandes*, 32 S.W.3d 745, 752 (Tex. App.—Beaumont 2000, no pet.); *Barrajas*, 945 S.W.2d at 209. Therefore, doctors' affidavits alone do not establish the plaintiff's entitlement to past medical expenses damages as a matter of law. *Sloan*, 32 S.W.3d at 752.

Appellant testified he began experiencing pain and stiffness in his neck and lower back the day after the accident. He also reported tingling in his left leg, difficulty moving due to pain, and muscle spasms two to three times per week. Appellant testified he waited a couple of days after the accident before seeing Dr. Nelson, a chiropractor, but he never visited his family doctor. Appellee's trial counsel directed the jury's attention to a letter from Dr. Nelson, dated three days after the accident, which was included in the medical records admitted at trial. The letter, which had no addressee, stated, "Thank you for allowing me to participate in the care of your client."

Appellant testified on cross-examination that, "more than likely," the letter was not addressed to him, and he was no one else's client at the time except his trial counsel's.

Appellant presented the jury with medical and billing records from his visits to Dr. Nelson in the amount of $6275. Also, Dr. Nelson's affidavit, which was admitted into evidence, stated, "I have had occasion to examine and treat [appellant]. The examination and treatment was necessary and resulted from the injuries [appellant] received on or about December 20, 2005." Dr. Nelson's records stated appellant moved rigidly, favored his right leg, reported muscle spasms involving the cervical and lumbar spine, and reported tenderness in his trapezius and suboccipital muscles. The records also contained the following statements:

> RADIOGRAPHS: The x-ray included cervical and lumbar series. All plates were negative in regard to fracture, dislocation or gross osseous pathology, either recent or old. . . .

> DIAGNOSIS: Cervical Sprain/Strain, Cranial Neuralgia, Lumbar Sprain/Strain, Lumbar Radiculitis. . . .

> ANTICIPATED TREATMENT TIME: 12–16 week(s) barring any flare-ups or exacerbations. Daily visits for 1–2 week(s), followed by 3X's/week on a decrease in frequency basis. . . .

> In my opinion, the objective findings and subjective complaints are directly related to the accident on 12/20/2005.

Dr. Nelson never referred appellant to a medical doctor and appellant was never prescribed pain medication for his injuries. Instead, appellant treated his own pain for about five months with Tylenol, heating pads, light massage, and exercise.

On appeal, appellant argues that because appellee did not present any expert medical testimony to controvert Dr. Nelson's affidavit and medical billing records, the records and affidavit conclusively established appellant's entitlement to $6275 in past medical expenses. We disagree. Appellee did not have the burden of refuting the evidence of medical expenses. *Rivas*,

974 S.W.2d at 95. Rather, appellant had the burden of convincing the jury his medical bills were both reasonable and necessary. *Id.* Both parties testified the accident was not severe, neither vehicle's air bags deployed, and EMS was not called to the scene. No one involved, including appellant, reported injuries immediately after the collision. In fact, when cross-examined regarding the police report statement that appellant, appellee, and appellant's son were uninjured at the scene, appellant responded he would not have told the police officer he was injured at the time because he "felt fine at that point." The jury also heard evidence appellant was previously involved in an automobile accident in 1995, which caused injuries to his neck and back and required treatment from another chiropractor.

Dr. Nelson's records were also vague regarding the cause and severity of appellant's injuries. They do not indicate appellant's injuries were consistent with being rear-ended, nor do they explain how appellant could have sustained the particular injuries diagnosed. In fact, Dr. Nelson's unaddressed letter stated: "[Appellant] is a 37 year old male seen for evaluation of his pain syndrome *he* attributed to injuries sustained in a [motor vehicle accident] that happened sometime on 12/20/2005." [Emphasis added]. Also, the jury could have inferred appellant's trial counsel referred him to Dr. Nelson; therefore, the jury had reason to question the objectivity of Dr. Nelson's affidavit. Based on these facts, we believe the jury's refusal to award appellant damages for past medical expenses was not clearly wrong or manifestly unjust.

## PHYSICAL PAIN AND MENTAL ANGUISH

Proof of an objective injury does not, in and of itself, prove compensable pain and suffering. *Estrada v. Dillon*, 44 S.W.3d 558, 561 (Tex. 2001); *Gainsco County Mut. Ins. Co. v. Martinez*, 27 S.W.3d 97, 103 (Tex. App—San Antonio 2000, pet. dism'd). Generally, a jury's finding of zero damages is not clearly wrong or manifestly unjust when the evidence of injury

and accompanied pain is scant or based solely on a plaintiff's subjective testimony. *Blizzard v. Nationwide Mut. Fire Ins. Co.*, 756 S.W.2d 801, 805 (Tex. App.—Dallas 1988, no writ). When the jury is presented with conflicting evidence about the existence and severity of physical injury and associated pain, the jury's refusal to award damages for pain and suffering and mental anguish will not be disturbed on appeal. *Gainsco*, 27 S.W.3d at 103.

The only evidence of appellant's physical pain and mental anguish is appellant's testimony that he felt pain and stiffness in his neck and lower back and tingling in his left leg, as well as Dr. Nelson's medical records, which were based primarily on appellant's statements to Dr. Nelson. Dr. Nelson diagnosed cervical sprain/strain, cranial neuralgia, lumbar sprain/strain, and lumbar radiculitis. However, x-rays revealed no fracture, dislocation, or gross osseous pathology. Appellant sustained no visible injuries in the accident and returned to work as a facility maintenance technician the next day, lifting heavy objects, digging, and driving stakes into the ground. Appellant stated he did not miss any work as a result of his injuries, except when he left work thirty minutes early on days he visited his chiropractor. He also stated he was never put on "light duty" at work or moved to a position in which he was relieved of physical activity. For five months, appellant successfully treated his pain with Tylenol, heating pads, massage, and exercise. Given this evidence, we conclude the jury's decision to not award appellant damages for physical pain and suffering and mental anguish is not clearly wrong or manifestly unjust.

### PHYSICAL IMPAIRMENT

The test for physical impairment is "the plaintiff must sustain the burden of proving that the effect of his physical impairment extends beyond any impediment to his earning capacity and beyond any pain and suffering to the extent that it produces a separate and distinct loss that is

substantial and for which he should be compensated." *Green v. Baldree*, 497 S.W.2d 342, 350 (Tex. App.—Houston [14th Dist.] 1973, no writ). The evidence must show the plaintiff's injuries inhibited his ability to engage in physical activities he participated in before the accident. *Estrada*, 44 S.W.3d at 561.

Appellant presented no objective evidence of physical impairment. He testified he now asks coworkers for help lifting heavy objects at work and no longer does yard work at home, but he also admitted never missing a single day of work or being put on "light duty" for his injuries. Given the lack of evidence, the jury could reasonably find appellant failed to prove impairment sufficient to establish a distinct, compensable loss.

## LOSS OF EARNING CAPACITY

The plaintiff has the burden of proving his loss of past earning capacity by introducing monetary evidence of his pre-injury earning capacity. *Bonney v. San Antonio Transit Co.*, 325 S.W.2d 117, 121 (Tex. 1959). The amount of damages resulting from the plaintiff's loss of earning capacity is left to the sound judgment and discretion of the jury. *Id.*

Appellant testified he made $16.00 or $16.50 per hour working at San Antonio Water System prior to his injury. Although he never missed a full day of work because of his injuries, appellant testified he left work early about eighty to eighty-five percent of the days he visited his chiropractor, admitting this was "a ballpark figure." Appellant did not present evidence specifically listing the days he missed work or the precise amount of unpaid leave he took in order to accommodate his chiropractor visits. Given appellant's failure to prove a specific financial loss, the jury was entitled to award him nothing for loss of past earning capacity.

## CONCLUSION

Because we find the jury's award of zero damages for past medical expenses, past and future physical pain and mental anguish, past and future physical impairment, and past loss of earning capacity is not clearly wrong or manifestly unjust, we will overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice